**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2273
_____

YUDITH ANTONIETA FLORES-RIOS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
BIA No. A206-247-155
Immigration Judge: Ramin Rastegar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 19, 2021

Before: SMITH, *Chief Judge*, HARDIMAN and ROTH, *Circuit Judges*

(Filed: March 2, 2021)
_____

OPINION*
_____

SMITH, *Chief Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Yudith Flores-Rios petitions for review of a May 27, 2020 Board of Immigration Appeals (BIA) decision adopting and affirming the Immigration Judge's (IJ) denial of her application for withholding of removal and protection under the Convention Against Torture (CAT). For the reasons that follow, we will deny the petition for review.

I.

Flores-Rios, a citizen of El Salvador, entered the United States without a valid entry document in October 2013 and was served with a notice to appear shortly thereafter. She applied for withholding of removal and CAT protection,[1] claiming she was afraid to return to El Salvador because her ex-boyfriend was abusive, and because, when she briefly went into business with her sister selling tortillas from their home, a gang known as the Mara left her a note demanding $35 as "rent" and threatening her if she did not pay.

The IJ issued a detailed opinion denying relief. Flores-Rios appealed to the BIA, which affirmed and adopted the IJ's decision. This timely petition for review followed.[2]

---

[1] Flores-Rios also applied for asylum but did not seek review of the IJ's determination that she was statutorily ineligible because she applied outside the one-year deadline.

[2] We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). Because the BIA adopted the IJ's decision and discussed some of the bases for the IJ's decision, we review both decisions. *See He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

II.

In support of her application for withholding of removal, Flores-Rios argued that, if she returns to El Salvador, she more likely than not will be persecuted on account of her membership in a particular social group (PSG). *See Lukwago v. Ashcroft*, 329 F.3d 157, 180 (3d Cir. 2003); 8 C.F.R. § 1208.16(b). She claimed to be a member of two PSGs: (1) Salvadoran "abused women who do not have any protection by the government authority against the domestic violence," and (2) "business owners targeted by gangs." Pet'r Br. **7**. The existence of a PSG is a question of law we consider *de novo*, while we review the agency's underlying factual findings for substantial evidence. *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

As to the first PSG, the IJ concluded that, even if it is cognizable, Flores-Rios failed to establish her membership in that group because she "did not establish that she . . . was unable[] to leave [her ex-boyfriend]." JA 70. Rather, when she departed El Salvador in 2013, the ex-boyfriend "simply let [her] leave"; she has not seen him for several years since and they have both moved on to new relationships. *Id.*

Flores-Rios responds that she testified to persecution suffered at her ex-boyfriend's hands, including a threat with a machete. But that is not sufficient. Even if we were to accept that she suffered past persecution, Flores-Rios does not

3

point to any evidence to undermine the independent finding that she failed to show that she was unable to leave the abusive relationship. Flores-Rios bore the burden to establish her membership in her own proposed PSG. *See S.E.R.L.*, 894 F.3d at 555. The IJ's determination that she failed to do so is supported by reasonable, substantial, and probative evidence of record. *See id.* at 543. We therefore will not disturb that finding.

Next, the IJ concluded that Flores-Rios's second PSG is not cognizable because it is defined by the harm suffered and because business ownership is not an immutable characteristic. Flores-Rios disagrees, contending that the experience of being a business owner who received a threat from a gang is an immutable characteristic. She also argues that she "should not be required to change her status as a business owner in order to avoid being persecuted." Pet'r Br. 16.

Once again, Flores-Rios fails to adequately respond to the IJ's analysis. Even if we were to accept her contention that her experience of being a business owner is an immutable characteristic or a characteristic that she should not be required to change—a doubtful proposition, given that she was a business owner for only about six months and apparently has no plans to revisit that career choice—she did not persuasively refute the IJ's independent determination that the proposed PSG fails because its definition is circular: it is defined by the harm suffered. We agree with that conclusion. Flores-Rios did not establish a PSG that

4

exists independently of the harm she claims to have suffered. *See Lukwago*, 329 F.3d at 172 ("[U]nder the statute a 'particular social group' must exist independently of the persecution suffered by the applicant for asylum . . . . [T]he 'particular social group' must have existed before the persecution began."). Accordingly, the second PSG is not cognizable.[3]

### III.

To prevail on her CAT claim, Flores-Rios had to show that she more likely than not would suffer harm amounting to torture if she were to return to El Salvador. *See Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017); 8 C.F.R. § 1208.16(c)(2). She contends that she presented the IJ with sufficient evidence of past torture but the IJ "failed to make an independent determination concerning her request for CAT relief." Pet'r Br. 20–21.

Contrary to her arguments, the IJ expressly determined that Flores-Rios failed to show mistreatment by her ex-boyfriend or the Mara rising to the legal definition of torture, that Flores-Rios's sister continues to live in the same town

---

[3] Flores-Rios also contends that she "presented credible and sufficient testimony as to the past persecution she suffered at the hands of the Mara[] gang and her ex-boyfriend." Pet'r Br. 14. But although the IJ observed that some allegations were inadequately corroborated, the IJ ultimately did not deny Flores-Rios's claims based on a lack of credibility. Given that she did not establish membership in the first PSG and that the second PSG is not cognizable, her credibility does not impact the determination that her claim lacks merit.

without being persecuted, and that Flores-Rios presented no evidence that her ex-boyfriend or the Mara would target her if she were to return to El Salvador. The IJ thus made an independent determination and concluded that Flores-Rios's evidence did not meet her burden of proof for CAT protection. Because she points to no evidence compelling a contrary conclusion, we will reject her claim.

IV.

For all of the foregoing reasons, we will deny the petition for review.